This document contains some pages that are of poor quality at the time of imaging.

81,879-02

| | | |
|---|---|---|
| TANJIA C. CHANDLER AKA TANJIA C. SMITH PETITIONER | § | REQUEST TO AMEND SWORN DECLARATION (affidavit) |
| V. | § | /REVIEW PETITIONERS RESPONSES |
| William Stevens Director of the Texas Correctional Institutions Division Respondent | § | DATED FEBRUARY 17, 2015 |
| | § | |

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 27 2015

Abel Acosta, Clerk

## REQUEST PERMISSION TO AMEND

I, Tanjia C. Chandler-Smith TDCJ # 1746186 am competent to make this request. I am presently incarcerated at the Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599. I am requesting permission to amend my Sworn Declaration (affidavit) dated February 17, 2015.

I am the Petitioner in this cause. I have re-read my Sworn Declaration (affidavit) and state that under penality or perjury the that according to my belief the facts stated in this application are true and correct. Also, including all facts contained within Habeas Corpus Writ no. 10-9966-B.

MOTION DENIED
DATE: 9-29-15
BY: PC

## REVIEW OF RESPONSES TO COURTS

I, Tanjia C. Chandler-Smith TDCJ # 1746186 would like to know due to the dismissal of Habeas Corpus Writ no.10-9966-B under TEX. CODE CRIM. PROC. Art. 11.07, Sec. 4(a)-(c) if the Court of Criminal appeals had received Petitioners response to States Recommendation dated 3-25-15, and Petitioners response to the Criminal District Court of Jefferson Co. dated 3-13-15. Enclosed you will find these responses.

## INMATES SWORN DECLARATION

I, Tanjia C. Chandler-Smith TDCJ # 1746186 being presently

incarcerated in TDCJ, Crain Unit, 1401 State School Rd.,

Gatesville, Tx. 76599 declare under penality or perjury

that according to my belief the facts stated in this

application and true and correct.

_Tanjia C. Chandler Smith_  4-22-15
(sign)                                        date
         1746186

## CERTIFICATE OF SERVICE

I, Tanjia C. Chandler-Smith TDCJ # 1746186, at Crain Unit,
1401 State School Rd., Gatesville, Tx.76599, state that
herein is true and correct.

_Tanjia C. Chandler Smith_  4-22-15
(sign)                              (DATE)

# TABLE OF CONTENTS

1). Request to Amend Sworn Declaration- Review Petitioners
Responses to Courts. 2 pages

2). Amended Sworn Declaration   Attachment "A" 3 pages

3). Petitioners response to The Criminal District Court of
Jefferson Co., Tx. dated 3-13-15  4 pages

4). Petitoners Response to States Dismissal Recommendation
dated 3-25-15. including Exhibit "A"  4 pages

These documents pertain to:
Habeas Corpus Writ No. 10-9966-B

## SWORN DECLARATION

I Tanjia C. Chandler-Smith TDCJ # 1746186 resided at my home a address of 2519 61st St., Port Arthur, Tx. 77640 at the time of my trial. My husband Jimmy A. Smith retained Atorney Norman A. Desamrais Jr., 1233 Nederland Ave., Nederland, Tx. 77627 ph # 409-729-2777, bar # 00795925. We received his information from a lady named "Cat" who rendered me aide on 7-19-2010 at the accident site. Her true identity is/was being withheld from me/us. Mr. Desmarais was her Attorney for her own divorce. She is a witness for this case, but never called nor supeonaed. My husband paid Attorney Norman A. Desmarais a total sum of $ 10,000.00 to provide defense for myself at my trial. His date of hire was on 8-9-10, I believe.

Attorney Norman A. desmarais was given several names for witnesses, including Cat, and co-workers who were with me 12 minutes before thhis accident. This list also included character witnesses. (see P) Attorne Norman A. Desmarais Jr. was asked by both my husband and I for a change of venue due to the publicity and the hostility of this accident.

Comment made to me personally from Attorney Norman A. Desmarais Jr. are as follows: I'd been better off to put a gun to this guys head and pull the triggar than to have a drinking and driving accident, you'd get less time, the family wants the death penality, thank God that's not an option, this is a high profile case sometimes it not what happened but it's who it happened to, I will be made an example of, it is election time he also had me to plea not-guilty and stated I that I would get about 8yrs. I was denied 3 times by Attorney Norman A. desmarais Jr. for the testing of the blood sample. ( total of 4 times denied the right for testing ) I also requested certain jurors to be picked and he would not listen to me, then making the comment, " this is a strange jury, they don't smoke or drink". I was never explained the consequences of a guilty plea, as on

day 3 of trial 9-14-2011 Attorney Norman A. Desmarais Jr. met with my husband and I at his office and said, " you might think about changing your plea as I think the jury has already found you guilty, I said you were the one to have me plea not-guilty", once I signed the plea change Attorney Norman A. Desmarais Jr. returned and stated that the Judge said good call on changing your plea as the jury has already found you guilty, this is before any jury deliberations.

While at trial day 3, 9-14-2011 we took a recess and following that recess Attorney Norman A. Desmarais Jr. and I had a discussion and it went as follows: (D) Well, that went well. (me) I asked what? (D) I just spoke to the Butaud family outside the court room and they asked me how I could represent someone like you, I stated it is my job, then they asked me had I ever had anything like this happen to me, I commented yes, by the way a young man drinking and driving took the life of my wife and the young man got 8 yrs., I forgave him said Attorney Norman A. Desmarais Jr., immediately following heplaced me on the stand which we were not going to do. This is the first time I had ever been told this from Attorney Noramn A. Desmarais Jr., he had never said anything to me about his loss of his wife prior to 9-14-2011 at trial.

When I changed my plea I was read the colloguy and my answer was, "uh-uh, not really, I guess so, as I didnt understand, nor was I given any instructions from my own Attorney.

There is no investigation, I was refused to question the coronor, I now understand why, as Mr. Butaud also had a toxicology (L). I was refused to question anyone, little objections, not challenging, documents amended without my knowledge or approval (indictment), only 2 witnesses for me, myself and my husband, everything else was for the State. After court I was called back in to sign a paper that allowed me to file and appeal,

at that time Attorney Norman A. Desmarais Jr. looked at the Judge and said, " 20 years really, here sign here". He never objected to my sentence, he also stated that he would come and see me the next day and I have never seen him again.

These 3 pages are a sworn declaration of conversations between Attorney Norman A. Desmarais Jr. and myself Tanjia C. Smith-Chandler. There is much more, definite ineffective counsel in my opinion being his client.

The Above are true and correct statements to the best of my knowledge.

_Tanjia Chandler Smith_
print name

_Tanjia Chandler-Smith_
sign name

_1401 State School Rd_
address

_Gatesville Tx 76599_
city                    state          zip

_February 17, 2015_
date

_1746186_
TDCJ #

## INMATES SWORN DECLARATION

I, Tanjia C. Chandler-Smith TDCJ# 1746186, being presently incarcerated in TDCJ Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599, declare under perjury or penality that according to my belief the facts stated in this application are true and correct. Also including all facts contained within Habeas Corpus Writ No. 10-9966-B.

_Tanjia Chandler Smith_
print name

_Tanjia Chandler-Smith_
sign name

_1746186_                    _4/22/15_
TDCJ#                                    Date

| | | |
|---|---|---|
| TANJIA C. CHANDLER AKA | § | No. 10-9966-B |
| TANJIA C. SMITH | § | PETITIONERS RESPONSE |
| V. | | |
| WILLIAM STEVENS | § | IN THE CRIMINAL DISTRICT |
| Director of the Texas | | COURT OF |
| Correctional Institution | § | |
| Divisions | | JEFFERSON CO., TX. |
| Respondant | § | ON MARCH 3, 2015 |

## INTRODUCTION

In response to States Submission of Habeas Writ No. 10-9966-B to the 262nd District Court; noted February 17th, 2015.

Petitioner has received prior authorization from Ann Landry- Writ Division to proceed pro-se' on the current Habeas Corpus Writ no. 10-9966-B filed on February 17, 2015, due to the Petitioner being Ignorant of the law and the proper proceedings to file a correct Habeas Corpus Writ from 2014.

## STATEMENT OF FACTS

State alleges that Petitioner knew all grounds prior to trial and on first attempt of Habeas Corpus Writ 10-9966-A is superficial and redundant.

Enclosed is Petitioners affidavit of Sworn declaration stating the following:

1·. Petitioner was unknowledgeable of Habeas Writ process on 10-9966-A.

2·. If Attorney Norman A. Desmarais Jr. had been a competant Counselor he would have presented the facts contained within Habeas Corpus Writ 10-9966-B filed on February 17, 2015.

Suppose Attorney Norman A. Desmarais Jr. had presented the toxicology of Dudely R. Butaud at trial; any reasonable tier of fact would have found reasonable doubt.

The severity of the sentence purposed exceeds an accidental death incident.

## CONCLUSION

Submitted within the Habeas Corpus Writ 10-9966-B is the Petitioners authorization to proceed on a Habeas Writ due to Ignorance of law.

The assumption of the State that tries to subject the courts to bias opinion, by stating, " There appears to be no legal reason the current claims were not or could not have been presented in Applicants previous Writ".

The State could not possibly know when Petitioner found out about her rights or how to present them, by the States own comment. The State is therefore admitting that Petitioner did receive incompetent counsel, due to the fact that Attorney Norman A. Desmarais Jr. did not present a defense for the Petitioner.

On September 8, 2014 throught the State Bar of Tx., record ³ 649747, received her Discovery and trial file per Art. 39.14 from her Attorney Norman A. Desmarais Jr. which contained the grounds Petitioner is challenging in her Habeas Corpus Writ 10-9966-B which proves she had no knowledge of evidentary matters at trial or for her Habeas Corpus Writ 10-9966-A.

Article 11.07 sec. 4 (1) (C) current claims and issues have not been and could not have been presented previously in an orginal application filed under this article because the factual or legal basis for the claim was unavailable on the date that Applicant filed the previous application.

For purposes of subsection (a) (1) a factual basis of a claim is unavailable on or before a date described by section (a) (1) if, the factual basis was not ascertainable through the excercise of reasonable diligence.

Petitioner has shown she did not have knowledge of claims prior to trial and Habeas Corpus Writ No. 10-99-A.

## CERTIFICATE OF SERVICE

I, Tanjia C. Chandler-Smith TDCJ# 1746186, at Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599, state that herein is true and correct.

_Tanjia Chandler Smith_ 3/13/15
sign                               date

## INMATES DECLARATION

I, Tanya C Chandler Smith #174686 being presently incarcerated in TDCJ, Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 declare under penality or perjury that according to my belief the facts stated in Petitioners Response are true and correct.

_____ 3/13/15
sign                        date

| | | |
|---|---|---|
| TANJIA C. CHANDLER | § | COURT OF CRIMINAL APPEALS |
| AKA | | |
| TANJIA C. SMITH | § | PETITIONERS RESPONSE TO |
| PETITIONER | | STATES DISMISSAL |
| V. | § | RECOMMENDATION |
| William Stevens | | |
| Director of the Texas | § | |
| Correctional Institutions | | NOTED MARCH 17, 2015 |
| Division | § | |
| Respondent | | |

## INTRODUCTION

I, Tanjia C. Chandler-Smith TDCJ#1746186, residing at Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 hereby give notice to respond to States Dismissal Recommendation dated March 17, 2015 which Petitioner received March 24, 2015. (Habeas Writ no. 10-9966-B)

## FINDING OF FACTS

Petitioner filed a 2nd Habeas Writ after receiving permission for successive Writ due to Ignorance of law. Ann Landry of the Writ Division gave permission to Petitioner to proceed on a successive Writ. (Included in Habeas Writ 10-9966-B)

Petitioner received States response on March 10, 2015 at which time Petitioner replied and mailed her response out on March 13, 2015 back to Jefferson Co. 262nd District Court. (Writ Division) State did not allow Petitioner the authorized 14 days to reply.

State had a Dismissal Recommendation signed March 17, 2015 by Honorable Judge John B. Stevens Jr. without allowing Petitioner response to be submitted.

State alleges that under Art. 11.07 4 (a) (1) that Petitioner must establish either a new law or new facts. Petitioner submission of Attachment (A) the sworn inmate declaration of Petitioner as well as Attachment (G) of Petitoners husband affidavit. On page 3 item 6 of States Dismissal Recommendation clearly says that the attachments

were an exception and was not known at trial. Hence new facts, new evidence. Petitioner did qualify above and beyond 11.07 (a) (1) requirements.

In response to States allegations that Petitioner failed to satisfy 4 (a) (2) of the 11.07 Tex. Code Crim. Proc. Petitioner has established rebuttal and documents that leave questions and doubt to any rational juror. In applying a standard of due process a concept such as fairness or fundamental fairness essential to the very concept of Justice.

Petitioners request for Habeas Corpus Writ is properly before Courts. On the record as anyone can read. Petitioner did not have her day in court to meet the Prosecutions case. A fair chance for an accused person to say her say is so rooted in the traditions and conscience of our country as to be the very essence of a scheme or ordered liberty.

## SHOWING OF FACTS

In States Dismissal Recommendation page (3) section (7) states Petitioners attachment (A) which accompanied her Habeas Corpus Writ, exhibit (A) proves Petitioner satisifies Tex. Civil Practice & Remedies Code 132.001 (c) (2). Because last page of Habeas Corpus Writ is Inmate Sworn Declaration that reads, " -true under penality or perjury".

## CONCLUSION

Included in this petition is also a copy of Petitioners Petitioners response, for response to States response received on March 10, 2015. Petitioner responded on March 13, 2015.

## INMATES DECLARATION

I, Tanjia C. Chandler-Smith, TDCJ # 1746186 being presently incarcerated in TDCJ Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 declare under perjury or penality that according to my belief the facts stated in application are true and correct.

_____ 3/25/15
sign                      date

## CERTIFICATE OF SERVICE

I, Tanjia C. Chandler-Smith residing at Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 state that herein is true and correct.

_____ 3/25/15
sign                      date

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and being presently incarcerated in _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____

_____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14